THE STATE OF IOWA, Appellee, v. WILLIAM W. KOLLER, Appellant.

**Adultery:** EVIDENCE: ADMISSIBILITY. On a prosecution for adultery, where the evidence of guilt relied upon was wholly circumstantial and one of the circumstances relied on was the fact that defendant left his family and resided elsewhere, it was competent for him to show that his wife's conduct toward him was such as to render life unhappy and unsafe.

**Same.** Where the wife was active in the prosecution of her husband for adultery and gave damaging testimony against him, he should be permitted to show that she attempted to dissuade witness from attending the trial and testifying in his behalf, as bearing on the weight to be given her evidence.

*Appeal from Pottawattamie District Court.—* HON. A. B. THORNELL, *Judge.*

TUESDAY, DECEMBER 12, 1905.

HAVING been indicted and convicted upon charge of adultery, the defendant appeals.—*Reversed.*

*Fremont, Benjamin, & Edward M. Martin,* for appellant.

*Chas. W. Mullan,* Attorney General, and *L. De Graff,* Assistant Attorney General, for the State.

WEAVER, J.— At the date of the alleged offense the appellant had for many years been in business in the city of Omaha, Neb. He was a married man, and so long as he continued to live with his wife made his home in that city. In November, 1903, he abandoned his wife, and rented, or at least occupied, rooms in a building in Council Bluffs, Iowa. In these rooms he placed, at considerable expense, a bed, stove, sewing machine, and other furniture, slept there, and took his morning and evening meals there, but continued his business in Omaha. Across the hall from appellant's rooms resided a Mrs. Cohen, a divorced woman, with her mother and sister. Mrs. Cohen is shown to have prepared the appellant's meals, to have been much in his rooms, to have done his marketing, and paid the rent. They were seen together on the street at night. There was also evidence tending to show that before appellant established himself in these rooms they had been seen together in Omaha, and that on one occasion Mrs. Cohen accompanied appellant on a trip to Kansas City. While he was rooming in Council Bluffs, he called at the place where his wife was living in Omaha, and on being charged with living in adultery with Mrs. Cohen it is claimed that he admitted it. On the trial he denies making

any such statement or admission, but concedes that he did not deny the charge, because he wanted his wife to sue for a divorce. At the time of his arrest the officer found a woman's skirt on the wall of appellant's sleeping room. On the circumstances here detailed, and others of minor importance, the state relied to secure a conviction. The errors relied upon for a reversal of the judgment are as follows:

I. The appellant, as a witness, undertook to explain his leaving home and setting up a separate establishment by testimony that his wife had drawn a revolver upon him, and

1. ADULTERY: evidence: admissibility.

that she took a knife to her room and concealed it in her bed, and by her conduct rendered life with her unhappy and unsafe. This testimony was ruled out, and of this ruling appellant complains. We think the evidence should have been admitted. Of course no amount of abuse or misconduct on part of his wife could serve as a defense or excuse for the crime of adultery, but it must be remembered that the proof of appellant's guilt was wholly circumstantial, and that one of the principal circumstances relied upon to establish the fact was the apparent disregard of family obligation on his part in leaving his lawful wife and making his home elsewhere. If, therefore, he could show that his wife, by the violence of her conduct or temper, had driven him from home, or had afforded him a fair excuse for such act on his part, it would to some extent lessen the inference, which might otherwise be justified, that he deserted his family for the embraces of a mistress. The effect to be given such testimony should, of course, be controlled by proper instructions to the jury; but we think it both competent and material, and that the state's objection thereto should have been overruled.

Appellant also sought to show upon her cross-examination that the prosecuting witness, his wife, had attempted to

2. SAME.

dissuade some of his witnesses from attending and testifying in his behalf upon the trial, but the offer was excluded upon the State's objection. While we

would not be inclined to reverse on this ground alone, we are disposed to hold that the testimony should have been admitted. The wife was an active agent of the prosecution, and gave damaging testimony against her husband, and proof of an attempt upon her part to deprive him of the benefit of the attendance of witnesses would have a legitimate bearing upon the weight and influence to be given her evidence. Criticism is also made upon some of the instructions of the court, but the objections stated are without merit.

II. Counsel for appellant, with much earnestness and eloquence, ask us to hold that there is no rule of evidence upon which to justify a conviction. To this we cannot agree. A new trial must be ordered, and we are not disposed to express any opinion upon the merits of the case which may serve to embarrass either the prosecution or the defense upon another hearing.

For the reasons stated, the judgment appealed from is reversed, and cause remanded for a new trial.— *Reversed.*